IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC F. LEWIS, | ) | 4:12CV3238 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 11.) Also pending are Petitioner Eric F. Lewis's ("Lewis") Motion to Return Documents (filing no. 14), Motion for Status (filing no. 16), and Motion to Appoint Counsel (filing no. 16). As set forth below, Respondent's Motion for Summary Judgment is granted, Lewis's Motion for Status is granted in part, and Lewis's Motion to Return Documents and Motion to Appoint Counsel are denied.

## I. BACKGROUND

### A. Lewis's Conviction and Direct Appeal

On April 6, 2009, the District Court of Lancaster County, Nebraska ("Nebraska District Court"), sentenced Lewis to life in prison for second-degree murder. (Filing No. 9-1 at CM/ECF pp. 1-2.) *See also State v. Lewis*, 785 N.W. 2d 834, 838 (Neb. 2010). Lewis appealed and the Nebraska Supreme Court affirmed Lewis's conviction and sentence in an opinion issued on July 23, 2010. *State v. Lewis*, 785 N.W. 2d at 843.

### B. Lewis's Post-Conviction Motion and Appeal

On September 5, 2012, Lewis filed a "Motion to Request Post Conviction Relief" in the Nebraska District Court. (Filing No. 10-2 at CM/ECF p. 1.) The

Nebraska District Court reviewed Lewis's request for post-conviction relief and dismissed it on September 10, 2012. (*Id*. at CM/ECF pp. 1-2.) Lewis appealed and the Nebraska Supreme Court dismissed his appeal on November 14, 2012. (Filing No. 9-2 at CM/ECF p. 2.)

C.   **Lewis's Habeas Petition**

Lewis filed his Petition for Writ of Habeas Corpus ("Petition") in this court on December 3, 2012. (Filing No. 1.) Thereafter, Respondent filed a Motion for Summary Judgment along with a Brief in Support and State Court Records. (Filing Nos. 9, 10, 11, and 12.) In his Motion, Respondent argues that Lewis's Petition is barred by the relevant statute of limitations. (Filing No. 12.) On June 21, 2013, Lewis filed a Brief in Opposition to the Motion for Summary Judgment. (Filing No. 15.)

## II. ANALYSIS

A.   **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations is tolled while a state post-conviction or other collateral review is pending. King v. Hobbs, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing § 2244(d)(2)). A post-conviction application is considered "pending" until the state court "issue[s] its mandate or denie[s] review," even if a petitioner files a petition for certiorari in the Supreme Court. Lawrence v. Florida, 549 U.S. 327, 332 (2007) ("The application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

The first question the court must answer is whether Lewis filed his Petition within one year of "the date on which [his] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The Supreme Court recently addressed the point at which a judgment becomes "final" for purposes of § 2244(d)(1)(A). In *Gonzalez v. Thaler*, the Supreme Court held that, for petitioners who pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the [Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." 132 S. Ct. 641, 653 (2012). For all other petitioners, the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires." Id. at 653-54. "If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system." King, 666 F.3d at 1135 (citing Sup. Ct. R. 13.1).

3

Here, Lewis's conviction became final on October 21, 2010, 90 days after the Nebraska Supreme Court affirmed his conviction on direct appeal. *See State v. Lewis, 785 N.W. 2d at 843*. Lewis did not file his Petition in this court until December 3, 2012, or more than two years and one month after his conviction became final. (*See* Filing No. 1.) Moreover, Lewis's filing of a state petition for post-conviction relief on September 5, 2012, or more than one year and 10 months after his conviction became final, did not toll the limitations period because it had already expired. (*See* Filing No. 10-1 at CM/ECF p. 1.) Thus, absent equitable tolling, Lewis's Petition is barred. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period")

**B.      Equitable Tolling**

Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an *exceedingly narrow* window of relief." *Id.* (internal quotation marks omitted).

Even when liberally construed, the record before the court does not show that Lewis seeks equitable tolling. Indeed, Lewis does not explain how he diligently pursued his rights between July 23, 2010, the date the Nebraska Supreme Court affirmed his conviction, and September 5, 2012, the date he filed his "Motion to Request Post Conviction Relief." *See State v. Lewis*, 785 N.W. 2d at 843. (Filing No. 10-1 at CM/ECF p. 1.) The court finds that Lewis has not established that he pursued his rights diligently or that some extraordinary circumstance stood in the way of timely filing his Petition. Accordingly, equitable tolling does not apply and Lewis's

4

Petition is barred by the statute of limitations. The court will grant Petitioner's Motion for Summary Judgment.

### III.  REMAINING MOTIONS

#### A.   Motion to Return Documents

Lewis filed a Motion to Return Documents. (Filing No. 14.) In his Motion, Lewis asks the court to send back documents that he filed. (*Id*. at CM/ECF p. 2.) However, Lewis did not follow NECivR 5.1(f)(2) and all original documents have been destroyed in accordance with that rule. *See also Young v. Smalls*, No. 09-2545 DMS (JMA), 2010 WL 731389, at *1 (S.D. Cal. Feb. 26, 2010) (stating the court cannot return original documents to a party once they are filed as part of the court's record). Moreover, Lewis does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). If Lewis requires copies of court documents, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies. Lewis's Motion to Return Documents is denied.

#### B.   Motion to Appoint Counsel

Also pending is Lewis's Motion to Appoint Counsel. (Filing No. 16.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment of counsel] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an

5

evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted); *see also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). Upon review of the pleadings and Lewis's Motion, and for the reasons discussed in this Memorandum and Order, there is no need for the appointment of counsel.

C.  **Motion for Status**

Liberally construed, Lewis also asks for an update regarding the status of his case. (Filing No. 16.) To the extent this Memorandum and Order informs him of the status of this case, his motion is granted. To the extent Lewis seeks some other form of relief, his Motion is denied.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Lewis has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing no. 11) is granted.

2. Lewis's Motion to Return Documents (filing no. 14) and Motion for Appointment of Counsel (filing no. 16) are denied.

3. Lewis's Motion for Status (filing no. 16) is granted in part and denied in part in accordance with this Memorandum and Order.

4. Lewis's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

5. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 29th day of August, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.